SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
EDWARD D. VOGEL, Cal. Bar No. 110081
ALEJANDRO E. MORENO, Cal. Bar No. 256802
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
E-mail    evogel@sheppardmullin.com
           amoreno@sheppardmullin.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN LOTSOFF and ASHLEIGH HARTMAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., FCTI, INC. and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. '18CV2033 AJB MDD<br>(Removed from San Diego Superior Court, Case No. 37-2018-00026392-CU-CO-CTL)<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF REMOVAL**<br><br>[Declaration of Karen Moore In Support of Removal Filed Concurrently Herewith] |

-1-

SMRH:486814584.3                                           NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or the "Bank") provides notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Wells Fargo hereby removes to this Court the state court class action styled as *Helen Lotsoff, et al. v. Wells Fargo Bank, N.A., et al.,* San Diego Superior Court Case No. 37-2018-00026392-CU-CO-CTL.  Filed concurrently herewith is the Declaration of Karen Moore in support of removal.  The following is a listing of the pleadings to date and a short and plain statement of the grounds for removal:

## THE COMPLAINT

1. On May 29, 2018, Plaintiff Helen Lotsoff ("Lotsoff") filed a class action complaint against Defendants Wells Fargo, Wells Fargo & Company ("Wells & Co."), and Does 1-50, inclusive, in the Superior Court for the State of California, County of San Diego, Case No. 37-2018-00026392-CU-CO-CTL (the "Complaint").  Lotsoff served the Complaint on Wells Fargo on May 31, 2018.  A copy of the Complaint and summons is included as Exhibit "A", attached hereto.  In addition, a copy of Lotsoff's proof of service, filed by Lotsoff on June 6, 2018, is attached hereto as Exhibit "B".

2. On July 13, 2018, Lotsoff filed a First Amended Complaint ("FAC") adding Plaintiff Ashleigh Hartman ("Hartman", along with Lotsoff, "Plaintiffs"), dropping Defendant Wells & Co., and adding Defendant FCTI, Inc. ("FCTI").  Plaintiffs served their FAC on Wells Fargo on July 31, 2018.  A copy of the FAC and amended summons is included as Exhibit "C", attached hereto.  In addition, copies of Plaintiffs' proofs of service to Wells Fargo and FCTI, filed on

August 9, 2018 and August 13, 2018 (respectively) are attached hereto as Exhibit "D".

3.  Exhibits A through D collectively contain all of the documents served on Wells Fargo by Plaintiffs and the entire state court file to date.

4.  Lotsoff claims that Wells Fargo improperly serviced her checking account by charging both a Non-Sufficient Funds ("NSF") Fee and an Overdraft Fee in connection with what Lotsoff claims was a single "transaction." On October 24, 2016, the Bank returned unpaid the transaction at-issue because Lotsoff had Non-Sufficient Funds and assessed an NSF Fee.  On October 31, 2016, the charge was paid into overdraft when the merchant resubmitted the transaction for payment, resulting in an Overdraft Fee.

5.  Hartman alleges that she initiated two debit card transactions on November 16, 2015 to pay for Uber rides, at which time her checking account allegedly had sufficient available funds to cover those transactions.  Hartman further contends that Uber submitted the transactions for settlement (*i.e.* that those transactions were paid) on November 18, 2015.  Hartman had insufficient available funds in her checking account to cover the Uber transactions when they were sent to the Bank for settlement on November 18, 2015.  Hartman claims that Wells Fargo improperly serviced her account by charging her two Overdraft Fees in connection with her Uber purchases.

6.  Hartman also alleges that, on June 20, 2018, she used her Wells Fargo debit card at an ATM owned by FCTI located at a 7-Eleven convenience store in San Diego to withdraw cash.  Hartman alleges that she was assessed two Out of Network ("OON") balance inquiry fees as a result of her FCTI ATM withdrawal,

despite consenting to only one balance inquiry transaction.  Hartman contends Wells Fargo improperly serviced her account by charging two balance inquiry fees as a result of the instructions it received from FCTI.

### THIS COURT HAS JURISDICTION UNDER CAFA

7. The Class Action Fairness Act ("CAFA") permits a class action defendant to remove where there is "minimal diversity of jurisdiction" between the plaintiffs and defendants — *i.e.* where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Minimal diversity of jurisdiction is present in this case because the Plaintiffs and FCTI are citizens of California, and Wells Fargo is a citizen of South Dakota.

8. Plaintiffs' FAC is a putative class action complaint. 28 U.S.C. § 1332(d)(2).

9. For purposes of determining minimal diversity jurisdiction, Lotsoff is a citizen of California. (FAC ¶ 7.) Further, she seeks to represent a Class of "[a]ll holders of a WELLS FARGO checking and/or money market account in California who, within the applicable statute of limitations preceding the filing of this lawsuit, incurred both an NSF Fee and an Overdraft Fee, or more than one NSF Fee, on the same item (the "Multiple Fee Class")." (*Id.,* ¶ 245.)

10. For purposes of determining minimal diversity jurisdiction, Hartman is a citizen of California. (*Id.*, ¶ 8.) Further, she seeks to represent three separate Classes composed of: (1) "All holders of a WELLS FARGO checking account in California who, within the applicable statute of limitations preceding the filing of this lawsuit, were assessed two or more OON Fees when they performed a balance inquiry prior to withdrawing cash at an out-of-network ATM (the "OON

Class")"; (2) "All holders of a WELLS FARGO checking account in California who, within the applicable statute of limitations preceding the filing of this lawsuit, were charged [Overdraft] Fees on transactions that were authorized into a positive available balance (the "APPSN Class")"; and (3) "All holders of a checking account in California who, within the applicable statute of limitation preceding the filing of this lawsuit, were assessed one or more fees for purportedly undertaking a balance inquiry as part of a cash withdrawal at a FCTI ATM (the "FCTI Class")." (*Id.*, ¶ 245.)

11. Defendant FCTI is incorporated in California and has its principal place of business in Los Angeles. (*Id.*, ¶ 11.) For purposes of determining minimal diversity jurisdiction, FCTI is therefore a citizen of California.

12. Wells Fargo is not a citizen of California. Wells Fargo is a national association not organized under the laws of any state. National banks are "deemed citizens of the States in which they are respectively located." 28 U.S.C § 1348. For purposes of diversity jurisdiction, a national bank is "located" *only* in the state where the bank has designated its main office. *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that, under 28 U.S.C § 1348, "a national banking association is a citizen only of the state in which its main office is located," and further holding that "Wells Fargo [Bank N.A.] is a citizen only of South Dakota, where its main office is located"). Wells Fargo has designated its main office as located in South Dakota; accordingly, Wells Fargo is a citizen of South Dakota, and no other state for diversity purposes. *See id.*

13. For purposes of determining diversity jurisdiction, the citizenship of "Doe" defendants being sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(b)(1).

14. Because Defendant Wells Fargo (who has South Dakota citizenship) and Plaintiffs Lotsoff and Hartman (who both have California citizenship) are citizens of different states, the minimal diversity requirement of CAFA is satisfied.

**THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000 AS PLED IN PLAINTIFF'S COMPLAINT AND DEMONSTRATED BY THE MOORE DECLARATION**

15. Jurisdiction under CAFA may exist when the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). To determine the amount in controversy under CAFA, the Court must aggregate the claims of all class members. *Id.* The amount in controversy is not apparent from the face of the Complaint or the FAC. In accordance with its own preliminary investigation, Wells Fargo has confirmed that the amount in controversy in this action exceeds $5,000,000.00. (Moore Decl. ¶ 16.)

16. Lotsoff alleges damages in the amount of at least $35, which is the amount of the Overdraft Fee she allegedly incurred in connection with the transaction that was initially declined for non-sufficient funds, but which was later resubmitted by the merchant and approved as an overdraft. (*See* FAC ¶ 77; and Prayer for Relief, ¶ (f).)

17. In particular, Lotsoff seeks to recover damages for the Multiple Fee Class composed of any Overdraft Fee charged to California account holders after an NSF Fee has been charged for a transaction that was initially declined, but then approved for settlement as an Overdraft transaction. (*See id.,* ¶¶ 245, 266; Prayer for Relief, ¶ (c), (f).)

18. Hartman alleges damages in the amount of at least $70 in connection with the two November 18, 2015 Uber transactions that resulted in Overdraft Fees. (*See* FAC ¶ 68; and Prayer for Relief, ¶ (c), (f).) In addition, Hartman alleges damages in the amount of at least $4 in connection with her June 20, 2018 balance inquiry transactions at an FCTI ATM located at a 7-Eleven convenience store in San Diego. (*See* FAC ¶ 244; and Prayer for Relief, ¶ (c), (f).)

19. In particular, Hartman seeks to recover damages for the OON and FCTI Classes composed of the OON balance inquiry fees charged to California account holders in connection with third-party ATM cash withdrawals. (*See id.*, ¶¶ 245, 278; Prayer for Relief, ¶ (c), (f).) In addition, Hartman seeks to recover damages for the APPSN Class composed of all Overdraft Fees charged to California account holders on debit card transactions that were approved when there were sufficient available funds in the customer's account, but incurred an Overdraft Fee because there were insufficient available funds to cover those transactions at the time the merchant submitted the transaction for settlement. (*See id.*, ¶¶ 245, 290, ; Prayer for Relief, ¶ (c), (f).)

20. Plaintiffs allege the Class definitions set forth above in Paragraphs 9 and 10 of this Notice of Removal.

21. Plaintiffs allege that the purported Classes consists of "thousands of members or more." (*Id.*, ¶ 249.) As set forth in the Declaration of Karen Moore, Wells Fargo has conducted a preliminary investigation of both the size of Plaintiffs' alleged Classes and the amount at issue in this litigation. The Bank has preliminarily determined that there are in excess of 1,000 Wells Fargo account holders who fall within the definition of the various Classes alleged in the FAC. (Moore Decl. ¶ 15.)

22. Plaintiffs allege that their claims are typical and representative of the claims of all members of their proposed Classes. (*See* FAC ¶ 251.)

23. Accordingly, assuming for purposes of this removal that Plaintiffs' alleged damages are typical of the damages sought by the various Classes, and Plaintiffs seek to recover an amount at least equal to the allegedly improper Overdraft Fees and OON Fees claimed in the FAC on behalf of individuals residing in the State of California who meet the proposed definitions of the Classes alleged in the FAC, then Wells Fargo has preliminarily determined that the amount in controversy in this litigation is in excess of six million dollars ($6,000,000). (Moore Decl., ¶ 16.)

### THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

24. <u>Proper District/Venue For Removal</u>. Pursuant to 28 U.S.C. § 1446(a), Wells Fargo is filing this Notice of Removal in the U.S. District Court for the Southern District of California. Because the state court action is pending in the Superior Court for the State of California, County of San Diego, the U.S. District Court for the Southern District of California is the proper district for removal. Moreover, Plaintiffs allege that they are residents of San Diego County. (FAC ¶¶ 7-8.)

25. <u>The Removal Is Timely</u>. The removability of this action cannot be determined from the face of the Complaint and/or the FAC because these documents do not set forth the amount in controversy. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (defendants are not charged with "notice of removability until [they have] received a paper that gives them enough information to remove."). Moreover, "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to

removability." *Roth v. CHA Hollywood Medical Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Rather, a defendant may remove pursuant to CAFA when it "discovers, based on its own investigation, that a case is removable." *See Kenny v. Walmart,* 881 F.3d 786, 791 (9th Cir. 2018) (citation omitted). As a result of its own preliminary investigation, on or about August 17, 2018 Wells Fargo discovered that this action is removable. (Moore Decl. ¶ 16.) Moreover, Wells Fargo is removing this action within 30 days of its having been served with Plaintiffs' FAC. 28 U.S.C. § 1446(b)(3). Accordingly, the removal is timely.

26. <u>Wells Fargo Has Sufficient Consent.</u> Because this removal is based on CAFA, no consent from any other defendant, including FCTI, is required. 28 U.S.C. § 1453(b); *United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008). Moreover, Wells Fargo is not required to investigate the identity of the unnamed defendants or to obtain their consent for removal. *See Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a). In any event, no Doe defendant has been served. Wells Fargo is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

## CONCLUSION

For these reasons, Defendant Wells Fargo respectfully requests that this Court proceed with this matter as if the FAC had been originally filed in the U.S. District Court for the Southern District of California.

1 | Dated:  August 29, 2018

2 |                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4 |                           By         *s/Edward D. Vogel*
                                         EDWARD D. VOGEL
5 |                                      ALEJANDRO E. MORENO

6

7 |                                    Attorneys for Defendant
                                       WELLS FARGO BANK, N.A.
8 |                              Email: evogel@sheppardmullin.com