UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN LOTSOFF and ASHLEIGH HARTMAN, on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., FCTI, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 18-cv-02033-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT WELLS FARGO BANK'S MOTION TO COMPEL ARBITRATION;**<br><br>**(2) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND**<br><br>**(3) DENYING DEFENDANT FCTI, INC.'S MOTION TO DISMISS**<br><br>(Doc. Nos. 3, 16, 17) |

Presently before the Court are Defendant Wells Fargo's motion to compel individual arbitration, (Doc. No. 3), Plaintiffs Helen Lotsoff and Ashleigh Hartman's motion for leave to file an amended complaint, (Doc. No. 17), and Defendant FCTI, Inc.'s motion to dismiss, (Doc. No. 16). Having reviewed the parties' arguments and controlling legal authority, and pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for decision on the

papers and without oral argument. For the reasons set forth below, the Court **DENIES** Defendant Wells Fargo's motion to compel arbitration, **GRANTS** Plaintiffs' leave to file an amended complaint, and **DENIES** Defendant FCTI's motion to dismiss.

## I. BACKGROUND

Plaintiffs Helen Lotsoff and Ashleigh Hartman bring this action on behalf of themselves and a class of all similarly situated Wells Fargo customers against Defendants. Plaintiffs hold checking accounts with Defendant Wells Fargo Bank, (Doc. No. 1-3 ¶¶ 7, 8), and challenge Defendant Wells Fargo's practice of charging overdraft fees ("OD Fee") on "Authorize Positive, Purportedly Settle Negative Transactions." (*Id*. ¶ 2.) Specifically, Plaintiffs allege Defendant Wells Fargo routinely assesses OD Fees on transactions that did not overdraw the account and charges both a non-sufficient funds fee and an OD Fee on a single transaction, though the Defendant's contractual agreement with its customers states otherwise. (*Id*. ¶ 2.)

Plaintiffs filed their First Amended Complaint ("FAC") in Superior Court on July 13, 2018, alleging causes of action for (1) breach of contract; (2) violation of the Consumers Legal Remedies Act; (3) violation of the unfair competition law; and (4) conversion. (Doc. No. 1-3 at 10–11.) This case was then removed on August 30, 2018. (Doc. No. 1.) Defendant Wells Fargo subsequently filed this motion to compel arbitration. (Doc. No. 3.) Defendant FCTI filed its motion to dismiss. (Doc. No. 16.) Plaintiff also filed its motion for leave to file its second amended complaint. (Doc. No. 17.)

## II. LEGAL STANDARDS

A. <u>Motion to Compel Arbitration</u>

The Federal Arbitration Act ("FAA") governs the enforcement of arbitration agreements involving interstate commerce. 9 U.S.C. § 2. Pursuant to § 2 of the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id*. The FAA permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order

2

directing that such arbitration proceed in the manner provided for in [the] agreement." *Id.* § 4.

Given the liberal federal policy favoring arbitration, the FAA "mandates that district courts *shall* direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Thus, in a motion to compel arbitration, the district court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank Nat'l Ass'n*, 673 F.3d 947, 955–56 (9th Cir. 2012) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). If these factors are met, the court must enforce the arbitration agreement in accordance with its precise terms. *Id.*

While generally applicable defenses to contract, such as fraud, duress, or unconscionability, may invalidate arbitration agreements, the FAA preempts state law defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). There is generally a strong policy favoring arbitration, which requires any doubts to be resolved in favor of the party moving to compel arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). However, where a party challenges the existence of an arbitration agreement, "the presumption in favor of arbitrability does not apply." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014).

B.  Motion for Leave to File Second Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id*. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III. DISCUSSION

The Court will address Defendant Wells Fargo's motion to compel arbitration, Plaintiffs' motion for leave to file a second amended complaint, and Defendant FCTI's motion to dismiss in turn.

A. <u>Defendant Wells Fargo's Motion to Compel Arbitration</u>

Defendant Wells Fargo asserts Plaintiffs accepted the "Consumer Account Agreement" by declining to opt-out of their Wells Fargo service. (Doc. No. 3-1 at 6.) Because they agreed to the Consumer Account Agreement, Defendant Wells Fargo argues they also agreed to the Arbitration Agreement that Defendant Wells Fargo now invokes. (*Id.*) The Arbitration Agreement states, in pertinent part, the following:

> First, discuss your dispute with a banker. If your banker is unable to resolve your dispute, you agree that either Wells Fargo or you can initiate arbitration as described in this section.
>
> **Definition:** . . . . A "dispute" is any unresolved disagreement between Wells Fargo and you. A "dispute" may also include a disagreement about this Arbitration Agreement's meaning, application, or enforcement.
>
> **Wells Fargo and you each agrees to waive the right to a jury trial or a trial in front of a judge in a public court.** This Arbitration Agreement has only one exception: Either Wells Fargo or you may still take any dispute to a small claims court.
>
> . . . .

4

> **[N]either Wells Fargo nor you will be entitled to join or consolidate disputes by or against others as a representative or member of a class, to act in any arbitration in the interests of the general public, or to act as a private attorney general.**
>
> If any provision related to a class action, class arbitration, private attorney general action, other representative action, joinder, or consolidation is found to be illegal or unenforceable, the entire Arbitration Agreement will be unenforceable.

(Doc. No. 1-3, Ex. A at 68) (original emphasis.) Defendant asserts the Court should compel Plaintiffs to honor the mutual agreements to arbitrate their individual claims. (Doc. No. 3-1 at 6.) In opposition, Plaintiffs argue the Arbitration Agreement is "illegal" because it "improperly bars plaintiffs from seeking public injunctive relief in any forum . . . ." (Doc. No. 15 at 8.) Thus, there is no reason to compel this case to arbitration. (*Id.*)

The Court notes that both parties do not dispute that the Federal Arbitration Act ("FAA") governs the parties' mutual arbitration agreement. (Doc. No. 3-1 at 12; Doc. No. 15.) Instead, the parties argue the merits of *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (9th Cir. 2017). (Doc. No. 3-1 at 18–24; Doc. No. 15 at 19–21.) Defendant claims that any of Plaintiff's arguments premised on *McGill* are meritless as Plaintiffs do not seek public injunctive relief. (Doc. No. 3-1 at 18.) Additionally, Defendant asserts the FAA upholds the Arbitration Agreement. (*Id.* at 12.) Plaintiffs contend they do indeed seek public injunctive relief, and the Arbitration Agreement at issue is invalid under *McGill* because it improperly bars plaintiffs from seeking such relief in any forum. (Doc. No. 15 at 19.) Moreover, Plaintiffs assert Defendant Wells Fargo is precluded from enforcing the Arbitration Agreement because a California court has held the same clause to be unenforceable. (*Id.* at 9.) The Court will address the requests for judicial notice and each argument in turn.

    *i.    Requests for Judicial Notice*

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Defendant Wells Fargo requests judicial notice of two documents: (1) American Arbitration Association's ("AAA") Consumer Arbitration Rules and (2) Wells Fargo Consumer and Business Account Fees. (Doc. Nos. 3-2 and 21-1.)

Judicial notice of the AAA's Consumer Arbitration Rules is proper because the contents of the rules are not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Chavarria v. Ralphs Grocery Co.*, 812 F. Supp. 2d 1079, 1087 n.8 (C.D. Cal. 2011). Accordingly, the Court **GRANTS** Defendant Wells Fargo's request for judicial notice of the AAA's Consumer Arbitration Rules.

Judicial notice of Wells Fargo Consumer and Business Account Fees is proper because Plaintiffs refer to out-of-network inquiry fees in their FAC. Accordingly, the court may consider documents and filings described in the complaint under the incorporation by reference doctrine. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court **GRANTS** Defendant Wells Fargo's request for judicial notice of Wells Fargo Consumer and Business Account Fees.

*ii.    Issue Preclusion by Wallace v. Wells Fargo & Co.*

Collateral estoppel bars the relitigation of issues that have been argued and decided in previous proceedings. *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). This doctrine is applied only after several requirements are fulfilled: (1) the issue sought to be precluded is identical to the issue decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. *Id*.

Plaintiffs contend Defendant Wells Fargo is collaterally estopped from compelling

6

18-cv-02033-AJB-JLB

arbitration because a California court has previously held the Arbitration Agreement at issue is unenforceable. (Doc. No. 15 at 9.) In *Wallace v. Wells Fargo & Co.*, Case No. 2017-1-CV-217775 (Super. Ct. Cal., Santa Clara Cty. Aug. 7, 2018), the Superior Court of California denied Wells Fargo's motion to compel arbitration and held Wells Fargo's "entire Arbitration Agreement is unenforceable by its own terms." (Doc. 15-1, Ex. A at 8.) Specifically, the court noted "the express language of the Arbitration Agreement, drafted by Defendants [Wells Fargo], prohibits public injunctive relief in any forum by affirmatively precluding any other exception to arbitration." (*Id.* at 7.) Thus, the court states Wells Fargo's Arbitration Agreement violates California law established under *McGill* and the entire Arbitration Agreement becomes unenforceable under its "poison pill" clause. (*Id.* at 8.) The *Wallace* order is currently on appeal by Defendants. (Doc. No. 21 at 11.)

However, Defendant Wells Fargo's argument against collateral estoppel is compelling. Defendant Wells Fargo points to *Pearson v. P.F. Chang's China Bistro*, which noted that "a decision on a motion to compel arbitration is not a final judgment on the merits that gives rise to collateral estoppel." 2015 U.S. Dist. LEXIS 184157 (S.D. Cal. Feb. 23, 2015) (Sammartino, J.) at *12 n.4. This Court agrees. Accordingly, collateral estoppel does not prevent Defendant Wells Fargo from compelling arbitration.

    *iii.* *Applicability of McGill*

"Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." *McGill*, 2 Cal. 5th at 955. Defendant Wells Fargo argues Plaintiffs are not seeking public injunctive relief, but rather that they seek private injunctive relief on behalf of "a narrow subset of Wells Fargo checking account holders." (Doc. 3-1 at 7.) However, the Court need not decide this issue for the purposes of this motion because Defendant Wells Fargo's Arbitration Agreement indeed bars public injunctive relief. The Arbitration Agreement states "Wells Fargo and you each agrees to waive the right to a jury trial or a trial in front of a judge in a public court. This Arbitration Agreement *has only one exception*: Either Wells Fargo or you may still take any dispute to

7

small claims court." (Doc. 1-3, Ex. A at 68) (emphasis added.)

The Ninth Circuit has recently issued several decisions holding that *McGill* is not preempted by the FAA. *Blair v. Rent-a-Center, Inc.*, 928 F.3d 819, 830–31 (9th Cir. 2019); *see McArdle v. AT&T Mobility LLC*, 772 Fed.Appx. 575 (9th Cir. 2019); *Tillage et al. v. Comcast Corp. et al.*, 772 Fed.Appx. 569 (9th Cir. 2019). Defendant Wells Fargo asserts that *Blair* has no bearing on the instant motion. Defendant Wells Fargo argues that the Arbitration Agreement here does not prevent public injunctive relief. However, the Court disagrees, and as explained below, *McGill* does apply to the instant Arbitration Agreement and renders the agreement unenforceable.

Accordingly, *McGill* applies in determining whether this Arbitration Agreement is invalid and unenforceable. The *McGill* Court considered the exact question presented here: whether an arbitration provision is invalid and unenforceable because it waives the right to seek public injunctive relief in any forum. 2 Cal. 5th at 954. *McGill* concluded, "a provision in *any* contract – even a contract that has no arbitration provision – that purports to waive, in all fora, the statutory rights to seek public injunctive relief under the UCL, the CLRA, or the false advertising law is invalid and unenforceable under California law." *Id.* at 962 (emphasis in original).

Here, the Arbitration Agreement states that the consumer or Wells Fargo is allowed to "submit a dispute to binding arbitration at any time, regardless of whether a lawsuit or other proceeding has previously begun," but "neither Wells Fargo nor you will be entitled to join or consolidate disputes by or against others as a representative or member of a class, to act in any arbitration in the interests of the general public." (Doc. No. 1-3, Ex. A at 68.) Thus, Defendant Wells Fargo has discretion to send any dispute to arbitration and the consumer is prohibited from "act[ing] in any arbitration in the interests of the general public." Accordingly, this arbitration agreement precludes consumers ability to seek public injunctive relief in any forum. Thus, this agreement is unenforceable under *McGill*. *See McGill*, 2 Cal. 5th at 961; *Blair*, 928 F.3d at 830–31.

Defendant Wells Fargo argues that this Arbitration Agreement only prevents

8

Plaintiffs from seeking public injunctive relief in arbitration. However, the Arbitration Agreement allows Defendant Wells Fargo to send to any dispute to arbitration with only one exception for small claims court. Thus, it effectively deprives consumers of seeking public injunctive relief. Accordingly, this arbitration agreement violates the law.

Further, the agreement states: "If any provision related to a class action, class arbitration, private attorney general action, other representative action, joinder, or consolidation is found to be illegal or unenforceable, the entire Arbitration Agreement will be unenforceable." (Doc. No. 1-3, Ex. A at 68.) This "poison pill" language unambiguously states that the entire Arbitration Agreement will be unenforceable. *See McArdle v. AT&T Mobility LLC*, No. 09-CV-1177-CW, 2017 WL 435998, at *5 (N.D. Cal. Oct. 2, 2017). Accordingly, the entire Arbitration Agreement is unenforceable.

The Court **DENIES** Defendants' motion to compel arbitration.

B. <u>Motion for Leave to File Second Amended Complaint</u>

Plaintiffs contend that their motion for leave to file a second amended complaint was not brought with undue delay or in bad faith and Defendants will not suffer prejudice. Plaintiffs have not sought leave of this Court prior to file an amended complaint. Plaintiffs seek to cure Defendant Wells Fargo's claim that Plaintiff is not seeking general public injunctive relief by adding: (1) a public-injunctive relief class and (2) factual allegations clarifying that Wells Fargo consumer account disclosures are publicly available and thus, mislead the public. (Doc. No. 17-1 at 2.) Defendant Wells Fargo and Defendant FTCI filed oppositions to Plaintiffs' motion. (Doc. Nos. 25 and 26.)

Defendant Wells Fargo argues that Plaintiffs' motion is premature in light of the motion to compel arbitration. (Doc. No. 25 at 9–10.) As the Court stated above, the Court did not need to determine whether Plaintiffs were seeking public injunctive relief to determine the motion to compel arbitration. Further, the Court has now denied Defendant Wells Fargo's motion to compel arbitration and thus, Plaintiffs' motion is not premature.

Defendant Wells Fargo also asserts that Plaintiffs are seeking to avoid arbitration through amendment. (Doc. No. 25 at 10–12.) However, the Court again has already decided

9

that the Arbitration Agreement is unenforceable regardless of whether Plaintiff was seeking public injunctive relief. Accordingly, Plaintiffs' amendment is not for the purpose of avoiding arbitration.

Defendant Wells Fargo next contends that the proposed amendment is futile. A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & Cty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground [s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04–1358, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quotation omitted).

Specifically, Defendant Wells Fargo argues that Plaintiffs' allegations are not factual, but rather, relabel a contractual agreement as "advertising" or "marketing" to bolster their request for public injunctive relief. (Doc. No. 25 at 12.) First, Plaintiffs contend that the amendment is to clear up any confusion as to whether they are seeking public injunctive relief. Second, Plaintiffs' proposed amended complaint contains allegations stating that consumers do rely on publicly-available fee disclosures when deciding where to bank. (*See, e.g.*, Doc. No. 17-2 ¶¶ 6, 7, 8, 38, 89, 91.) Third, Plaintiffs' proposed amended complaint alleges that the documents are in fact used for advertising and marketing to the general public. Accordingly, the Court finds that Plaintiffs additional allegations regarding a public injunctive relief-only class and clarifying that they are in fact seeking public injunctive relief are not futile.

Defendant Wells Fargo does not address the remainder of the *Foman* factors. However, the Court finds that the proposed amended complaint does not prejudice the opposing parties, was not brought by undue delay or in bad faith. Accordingly, the *Foman* factors weigh in favor of granting Plaintiffs' motion for leave to file second amended

complaint.

Defendant FTCI does not oppose Plaintiffs' motion, but rather argues that its motion to dismiss should not be rendered moot on the basis of the filing of the motion to amend. However, in light of the Court granting Plaintiffs' motion, the Court finds that FTCI's motion to dismiss should be denied as moot and without prejudice.

Accordingly, the Court **GRANTS** Plaintiffs' motion for leave to file second amended complaint.

C. <u>Defendant FTCI's Motion to Dismiss</u>

Since the Court denies to compel arbitration in the instant matter and is allowing Plaintiff to file its second amended complaint, the Court **DENIES** Defendant FTCI's motion to dismiss as moot and without prejudice.

### IV. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant Wells Fargo's motion to compel arbitration, **GRANTS** Plaintiffs' motion for leave to file its second amended complaint and **DENIES** Defendant FTCI's motion to dismiss as moot and without prejudice. Plaintiffs must file an amended complaint on or before **October 11, 2019**.

**IT IS SO ORDERED.**

Dated: September 30, 2019

Hon. Anthony J. Battaglia
United States District Judge